UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONIA H. WASHBURN and
PAUL A. MARTINO,

       Plaintiffs,                                 CASE NO.: _____

v.

JONATHAN MEZA and GENERAL
MOTORS LLC, a Foreign Corporation,

       Defendants.
_____/

**DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL**

Defendant General Motors LLC (hereinafter, "Defendant" or "GM LLC") by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 4.02, hereby removes this action from the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

**BACKGROUND**

1.      On or about November 5, 2020, Tonia H. Washburn and Paul A. Martino ("Plaintiffs") filed a Complaint against GM LLC in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, captioned TONIA H. WASHBURN and PAUL A. MARTINO, Plaintiffs, vs. JONATHAN MEZA and GENERAL MOTORS, LLC, a Foreign Corporation, Defendants, Case Number 20CA008699.

2.      On or about November 9, 2020, Plaintiffs served the Summons and Complaint

- 1 -

on General Motors LLC through its agent for service of process.

3.      As of the time of this filing, Defendant Jonathan Meza has not been served; thus, GM LLC is not required to obtain his consent for this removal. *See* 28 U.S.C. § 1441(b)(2)(A).

4.      There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## AMOUNT IN CONTROVERSY

5.      Plaintiffs allege that this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00). (Complaint at ¶1). Plaintiffs allege that a vehicle being operated by Defendant Jonathan Meza and owned by GM LLC came into "violent contact" with Plaintiff Tonia H. Washburn, causing her to be "injured and suffer[] permanent injuries." Complaint at ¶¶ 13-14). *See also* Complaint at ¶ 32 (alleging Plaintiff Tonia H. Washburn "has sustained significant and permanent injuries.").  As a result, Plaintiff Tonia H. Washburn alleges she

> suffered severe bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of lie, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, permanent injury and/or aggravation of previously existing condition. Further, these losses are either permanent or continuing in nature and the Plaintiff, TONIA H. WASHBURN, will continue to suffer these losses in the future.

(Complaint at ¶¶ 22; 28). Plaintiff Tonia H. Washburn further alleges she "has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries and she will

continue to incur additional expenses in the future." (Complaint at ¶¶ 23; 29). Plaintiff Paul A. Martino alleges he "has suffered from the loss of society and consortium as a result of the injuries that his wife, TONIA H. WASHBURN, has suffered…and he will continue to suffer these losses in the future." (Complaint at ¶ 34).

6.      On or about November 9, 2020, Plaintiffs' counsel provided GM LLC's counsel with a binder containing, among other items, medical records and medical bills incurred to date. The records indicate that Plaintiff Tonia H. Washburn suffered a traumatic pneumothorax (collapsed lung) and fractures to her fingers, wrist, forearm, and foot. Plaintiff's records also indicate she complains of memory loss, numbness, and headaches since the subject incident, and she also claims to now suffer from anxiety and depression. The records further indicate that approximately $181,175.04 was incurred in medical expenses to date.

7.      A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Although Plaintiffs have

not alleged in the Complaint that the amount in controversy exceeds $75,000, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

8.      Although Defendant denies that Plaintiffs are entitled to any monetary relief whatsoever, based on this information, Defendant believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs. Defendant's good faith belief is based upon Plaintiff's injury allegations, medical records and bills provided by Plaintiff's counsel, as well as Plaintiff's damages allegations in her Complaint. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP

9.      Plaintiffs are citizens of Florida. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location

- 4 -

of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258. Plaintiffs allege they are "residents of Tampa, Hillsborough County, Florida" and "living together as husband and wife." (Complaint at ¶¶ 2-3). The traffic crash report generated for the incident that is the subject of Plaintiffs' Complaint states a Tampa address for Plaintiff Tonia Washburn. Further, medical records provided by Plaintiff's counsel state that Plaintiff's address is in Tampa, Florida. Thus, based on information and belief, Plaintiffs are citizens of Florida.

10.     GM LLC is a Delaware limited liability company with its principal place of business in Detroit, Michigan. GM LLC is one-hundred-percent owned by General Motors Holdings, LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings, LLC, in turn, is one-hundred-percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.

11.     Thus, tracing through the layers of members, GM LLC's members' citizenship all trace back to Delaware and Michigan. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Bright House Networks, LLC v. Pinellas Cnty.*, No. 8:14-CV-1237-T-33TBM, 2014 WL 3867809, at *3 (M.D. Fla. Aug. 6, 2014). GM LLC has disclosed

the citizenship of each and all of its members, as well as the citizenship of each member of GM LLC's limited liability company members. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding "a limited liability company is a citizen of any state of which a member of the company is a citizen"). GM LLC does not have any members located in the State of Florida or that are citizens of the State of Florida.

12.    Defendant Jonathan Meza is a citizen of Virginia.

13.    Complete diversity of citizenship exists because Plaintiffs are not citizens of the same state as any Defendant. *See* 28 U.S.C. § 1332(a).

### PROCEDURAL COMPLIANCE

14.    Although GM LLC denies that Plaintiffs are entitled to any monetary relief whatsoever, based on the above information, GM LLC believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1332(a)(1).

15.    This Notice of Removal is timely because it was filed within thirty days after the date of receiving the summons and a copy of the initial pleading setting forth the claim for relief upon which this action is based, as well as within thirty days after the date of GM LLC's receipt of other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b).

16.    Removal to the Tampa Division of this Court is appropriate under Local Rules 1.02(b)(4) and 1.02(c) because the action was filed in Hillsborough County, Florida.

17.     As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all of the process, pleadings, orders and papers on file with the state court in this action are attached as **Composite Exhibit A**.

18.     Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiffs and the state court clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendant General Motors LLC, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 20CA008699 to the United States District Court for the Middle District of Florida, Tampa Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished through the Florida Courts E-Filing Portal, thereby furnishing copies to all counsel of record on December 9, 2020.

*/s/ Robert M. Fulton*
Robert M. Fulton
Florida Bar No. 0008516
Nicole Walsh
Florida Bar No. 111961
Hill, Ward & Henderson, P.A.
Post Office Box 2231
Tampa, FL  33601
bob.fulton@hwhlaw.com
nicole.walsh@hwhlaw.com
Tel:  (813) 221-3900
Fax:  (813) 221-2900
*Attorneys for General Motors LLC*
