IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**TONIA H. WASHBURN** and
**PAUL A. MARTINO,**

    **Plaintiffs,**

**CASE NO.:**

**v.**

**JONATHAN MEZA** and **GENERAL
MOTORS, LLC,** a Foreign Corporation,

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW,** the Plaintiffs, TONIA H. WASHBURN and PAUL A. MARTINO, by and through their undersigned attorneys, and hereby files this, their Complaint and Demand for Jury Trial against the Defendants, JONATHAN MEZA and GENERAL MOTORS, LLC, a Foreign Corporation, and as grounds therefor would state as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars.

2. At all times material hereto, Plaintiffs, TONIA H. WASHBURN and PAUL A. MARTINO, were residents of Tampa, Hillsborough County, Florida.

3. At all times material hereto, PAUL A. MARTINO, was legally married to TONIA H. WASHBURN, and they were living together as husband and wife.

4. At all times material hereto, Defendant, JONATHAN MEZA, was a resident of Dunedin, Pinellas County, Florida.

5. At all times material hereto, Defendant, GENERAL MOTORS, LLC, a foreign corporation, whose principal address was 100 Renaissance Center, Detroit, Michigan and is authorized to and was doing business within the State of Florida and specifically, Tampa, Hillsborough County, Florida.

6. Venue is proper in Hillsborough County, Florida because the motor vehicle accident from which this cause of action arises occurred in Hillsborough County, Florida.

7. At all times material hereto, Defendant, JONATHAN MEZA, while in the course and scope of his employment for the Defendant, GENERAL MOTORS, LLC, was operating a motor vehicle owned, maintained or controlled by GENERAL MOTORS, LLC, and collided with Plaintiff, TONIA H. WASHBURN, as she was walking in the crosswalk located at the intersection of North Jefferson Street and East Jackson Street, in Tampa, Hillsborough County, Florida.

8. At all times material hereto, Defendant, GENERAL MOTORS, LLC, owned the motor vehicle that was operated by its employee, JONATHAN MEZA, at the intersection of North Jefferson Street and East Jackson Street, in Tampa, Hillsborough County, Florida.

9. At all times material hereto and at the time of the subject collision, Defendant, JONATHAN MEZA, was a principal, representative, employee agent and/or apparent agent of GENERAL MOTORS, LLC.

10. At the time and place of the subject collision, JONATHAN MEZA, was performing his job duties with GENERAL MOTORS, LLC.

11. At the time of the subject collision, GENERAL MOTORS, LLC, received a financial benefit as a result of JONATHAN MEZA's job duties and performance of the work that he provided on behalf of GENERAL MOTORS, LLC.

12. At the time of the subject collision, Defendant, GENERAL MOTORS, LLC, was vicariously liable for the actions and/or inactions of its employee, representative, agent and/or apparent agent, JONATHAN MEZA.

13. At the time and place aforementioned, Defendant, JONATHAN MEZA, so negligently operated and maintained the motor vehicle he was driving on behalf of GENERAL MOTORS, LLC, so as to cause it to come into violent contact with Plaintiff, TONIA H. WASHBURN, who was a pedestrian walking in the crosswalk, at the intersection of North Jefferson Street and East Jackson Street, in Tampa, Hillsborough County, Florida.

14. As a result of Defendant's, JONATHAN MEZA, negligent operation of the motor vehicle owned, maintained or controlled by GENERAL MOTORS COMPANY, Plaintiff, TONIA H. WASHBURN, was wrongfully injured and suffered permanent injuries.

15. At the time of the subject collision, Defendant, JONATHAN MEZA, was operating a 2000 Chevrolet Silverado, bearing Florida tag number A06980 and VIN 3GCPYBEH9KG187643 ("Subject Vehicle"), that was registered to GENERAL MOTORS, LLC.

16. The subject vehicle is an instrumentality that is peculiarly dangerous in its operation.

## COUNT I: NEGLIGENCE OF JONATHAN MEZA

17. Plaintiffs reallege and incorporate the allegations set forth above in paragraphs 1-16, as if fully set forth herein.

18. On June 21, 2019, and at all times material, Defendant JONATHAN MEZA, was in possession, custody and control of the subject vehicle.

19. At all times material hereto, Defendant, JONATHAN MEZA, owed a duty to exercise reasonable care in the operation, maintenance, control and/or use of the subject vehicle for the benefit of other individuals on public roadways.

20. At all times material hereto, Defendant, JONATHAN MEZA, breached his duty of care to other individuals on public roadways, and in particular to Plaintiff, TONIA H. WASHBURN, as he was negligent in the operation, maintenance and/or use of the subject vehicle.

21. Specifically, Defendant was negligent by:

   a. Failing to operate the subject vehicle in a safe and reasonable manner;

   b. Failing to operate the subject vehicle in compliance with federal, state and local traffic laws;

   c. Failing to keep an adequate and proper lookout;

   d. Failing to stop and/or yield the right-of-way to pedestrians on the roadway;

   e. Failing to avoid the collision with the Plaintiff; and

   f. Other acts of negligence to be determined through discovery.

22. As a direct, foreseeable and proximate result of the Defendant's, JONATHAN MEZA, negligence, Plaintiff, TONIA H. WASHBURN, suffered severe bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, permanent injury and/or aggravation of previously existing condition. Further, these losses are either permanent or continuing in nature and the Plaintiff, TONIA H. WASHBURN, will continue to suffer these losses in the future.

23. As a direct and proximate result of Defendant's, JONATHAN MEZA, negligence, Plaintiff, TONIA H. WASHBURN, has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries and she will continue to incur additional expenses in the future.

**WHEREFORE**, the Plaintiff, TONIA H. WASHBURN, demands judgment for compensatory damages, costs, and post-judgment interest against the Defendant, JONATHAN MEZA, and for such other and further relief as the Court may deem proper.

### COUNT II: VICARIOUS LIABILITY OF GENERAL MOTORS, LLC

24. Plaintiffs reallege and incorporate the allegations set forth above in paragraphs 1-16, as if fully set forth herein.

25. On or about June 21, 2019, Defendant, GENERAL MOTORS, LLC, was the lawful and/or registered owner of the subject vehicle that collided with the Plaintiff, TONIA H. WASHBURN, as she was walking in the crosswalk, at the intersection of North Jefferson Street and East Jackson Street, in Tampa, Hillsborough County, Florida.

26. On or about June 21, 2019, Defendant, GENERAL MOTORS, LLC, voluntarily entrusted the subject vehicle to its driver, JONATHAN MEZA.

27. On or about June 21, 2019, JONATHAN MEZA negligently operated or maintained the subject vehicle by failing to maintain a proper lookout, failing to maintain a single lane and failing to yield right-of-way striking the Plaintiff, TONIA H. WASHBURN, as she was walking in the crosswalk, at the intersection of North Jefferson Street and East Jackson Street, in Tampa, Hillsborough County, Florida.

28. As a direct, foreseeable and proximate result of Defendant's, GENERAL MOTORS, LLC, negligence, Plaintiff, TONIA H. WASHBURN, suffered severe bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money, permanent injury and/or aggravation of previously existing condition. Further, these losses are either permanent or continuing in nature and the Plaintiff, TONIA H. WASHBURN, will continue to suffer these losses in the future.

29. Further, due to Defendant's, GENERAL MOTORS, LLC, negligence, Plaintiff, TONIA H. WASHBURN, has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries and she will continue to incur additional expenses in the future.

30. As the lawful and/or registered owner of the subject vehicle, Defendant, GENERAL MOTORS, LLC, is vicariously responsible for the negligent acts of its permissive driver and employee, JONATHAN MEZA, pursuant to the dangerous instrumentalities doctrine.

**WHEREFORE**, the Plaintiff, TONIA H. WASHBURN, demands judgment for compensatory damages, costs, and post-judgment interest against the Defendant, GENERAL MOTORS, LLC, and for such other and further relief as the Court may deem proper.

### COUNT III: LOSS OF CONSORTIUM OF PAUL A. MARTINO

31. Plaintiffs reallege and incorporate the allegations set forth above in paragraphs 1-30, as if fully set forth herein.

32. As a consequence of being struck by the subject vehicle being operated by Defendant, JONATHAN MEZA, Plaintiff TONIA H. WASHBURN, has sustained significant and permanent injuries as more fully described above.

33. Before suffering the injuries resulting from the Defendants' negligence, TONIA H. WASHBURN, was able to and did perform all the duties of a wife, including but not limited to maintaining the family home, providing love, companionship, affection, society, sexual relations, moral support and solace to her husband, PAUL A. MARTINO.

34. PAUL A. MARTINO has suffered from the loss of society and consortium as a result of the injuries that his wife, TONIA H. WASHBURN, has suffered due to the Defendants' negligence, and he will continue to suffer these losses in the future.

**WHEREFORE**, the Plaintiff, PAUL A. MARTINO, demands judgment for compensatory damages, costs, and post-judgment interest against the Defendants, JONATHAN MEZA and GENERAL MOTORS, LLC, and for such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs, TONIA H. WASHBURN and PAUL A. MARTINO, demand trial by jury on all issues so triable by right by jury.

DATED this 5th day of November, 2020.

*/s/ Robert D. Sparks*
ROBERT D. SPARKS, ESQUIRE
Florida Bar No.:    016258
GARRETT S. RILEY, ESQUIRE
Florida Bar No.:    52821
ROBERT SPARKS ATTORNEYS, PLLC
201 East Kennedy Boulevard, Suite 1400
Tampa, Florida   33602
Telephone:   (813) 606-5050
Facsimile:   (813) 606-5709
Email:   rsparks@rsattorneys.com
Email:   griley@rsattorneys.com
Email:   cgoldthwait@rsattorneys.com


RAYMOND T. ELLIGETT, JR., ESQUIRE
Florida Barr No.:   261939
AMY S. FARRIOR, ESQUIRE
Florida Bar No.:    684147
BUELL & ELLIGETT, P.A.
3003 West Azeele Street, Suite 100
Tampa, Florida 33609
Telephone:   (813) 874-2600
Facsimile:   (813) 874-1760
Email:   elligett@belawtampa.com
Email:   farrior@belawtampa.com
Email:   gallo@belawtampa.com
Attorneys for the Plaintiffs